UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RUBEN REUAD PEIRSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00231-JMS-MG |
| | ) | |
| DRADA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS'
UNOPPOSED MOTIONS FOR SUMMARY JUDGMENT**

In this civil rights action, Ruben Reuad Peirson, an inmate at Wabash Valley Correctional Facility, alleges that he was denied access to a kosher diet in violation of the First Amendment. Defendants have filed motions for summary judgment. Dkt. 39, dkt. 43. For the reasons below, the motions are **GRANTED**.

**I.
Standard of Review**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v.*

*Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

In this case, Defendants have met that burden through their unopposed motion for summary judgment. Plaintiff failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); see S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.
## Factual Background

Because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all

reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). Here, Mr. Peirson has not responded to the summary judgment motion, so the Court treats the defendants' supported factual assertions as uncontested. *See Hinterberger v. City of Indianapolis*, 966 F.3d 523, 527 (7th Cir. 2020); S.D. Ind. L.R. 56-1(b), (f).

On December 11, 2019, Mr. Peirson complained that the kosher meal he received was cold. Peirson Deposition Transcript, dkt. 43-1 at 11-12.[1] He refused the meal and asked Officers Banta and Drada for a replacement. During this interaction, Mr. Peirson refused to remove his hand from his cuff port opening. As a result, Officer Banta wrote a conduct report against Mr. Peirson for disorderly conduct. Dkt. 43-2. Mr. Peirson did not accept a non-kosher replacement meal after the incident. Dkt. 43-1 at 16.

On December 20, 2019, Religious Services Director David Liebel reviewed the conduct report and interpreted it to say that Mr. Peirson had refused a kosher meal. Liebel Declaration, dkt. 43-7 at 2; dkt. 43-5. Prison policy provides that an inmate can be removed from the kosher meal program if he voluntarily consumes non-kosher food. Dkt. 43-8 at 18. Believing this policy applied to the situation, defendant Liebel removed Mr. Peirson from the kosher meal program. Dkt. 43-7 at 2. No other defendants were involved in the decision to remove him from the program. *Id*. at 3.

On January 22, 2020, Mr. Peirson wrote a letter to Mr. Liebel requesting to be placed back on the kosher meal list. Mr. Liebel received the letter on January 28, 2020. Dkt. 43-4; dkt. 43-7 at 2. On February 7, 2020, Mr. Liebel realized he had misread the conduct report. That same day, he reinstated Mr. Peirson to the kosher diet program, and Mr. Peirson began receiving kosher

---

[1] The page numbers printed on the deposition transcript differ from the page numbers of the .pdf of the transcript docketed on the Court's electronic filing system. The Court refers to the .pdf page numbers rather than the printed page numbers.

meals again. Mr. Liebel also wrote a letter to Mr. Peirson on February 11, 2022, acknowledging that he had misinterpreted the conduct report. *Id.*; dkt. 43-6.

Defendant Daniel Bedwell is employed by Aramark Correctional Services, LLC, the company contracted by the Indiana Department of Correction to provide food services in Indiana prisons. He had no authority to alter the list of inmates authorized to receive kosher meals nor was he aware of Mr. Peirson's grievances regarding his removal from the kosher meal program before Mr. Peirson initiated this lawsuit. Bedwell Declaration, dkt. 40-2 at 3.

### III.
### Discussion

Mr. Peirson alleges that the defendants violated his First Amendment rights when he was wrongly removed from the kosher diet program for approximately 55 days. The Free Exercise Clause of the First Amendment prohibits the government from imposing a "substantial burden" on a "central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). "[F]orcing an inmate to choose between daily nutrition and religious practice is a substantial burden." *Thompson v. Holm*, 809 F.3d 376, 380 (7th Cir. 2016). But to be liable for violating the First Amendment, the defendants must have intentionally imposed the substantial burden on Mr. Peirson. Negligence alone is insufficient for liability. *Hambright v. Kemper*, 705 F. App'x 461, 463 (7th Cir. 2017) (affirming grant of summary judgment where a prison official mistakenly failed to prepare meals for inmates celebrating the end of Ramadan because it was not intentional).

Defendant Liebel was responsible for removing Mr. Peirson from the kosher meal program after he misread the conduct report. When Mr. Peirson wrote to him and he realized his mistake, he immediately reinstated Mr. Peirson to the kosher diet program and sent him a letter apologizing for his mistake. There is no evidence in the record that defendant Liebel's enforcement of the

4

prison's policy regarding the kosher diet program was anything other than mistake or negligence.[2] Therefore, he is entitled to summary judgment.

Defendants Drada, Banta, and Bedwell are also entitled to summary judgment because there is no evidence they were personally involved in removing Mr. Peirson from the kosher diet program.[3] "For constitutional violations under § 1983 or *Bivens*, a government official is only liable for his or her own misconduct." *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015) (cleaned up). Thus "[a] damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'").

Because the Court has found that none of the defendants violated Mr. Peirson's rights, it need not address their claim of qualified immunity.

## IV.
## Conclusion

The defendants' motions for summary judgment, dkt. [39] and dkt. [43], are **GRANTED.** Final judgment consistent with this Order and the Screening Order at dkt. [6] shall now issue.

**IT IS SO ORDERED.**

Date: 7/27/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[2] Mr. Peirson does not allege that the policy itself violated his rights or that any of the defendants had the authority to change the policy.

[3] Although Sergeant Drada and Officer Banta did not provide Mr. Peirson with a replacement kosher meal on December 11, 2019, there is no evidence in the record that they had access to extra kosher meals. Furthermore, the denial of one meal is not a constitutional deprivation. *Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir. 1998) (the denial of one out of every nine meals is not a constitutional violation).

Distribution:

RUBEN REUAD PEIRSON
228093
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com

Amanda Jo Holbrook
Office of the Indiana Attorney General
amanda.holbrook@atg.in.gov

Georgianna Q. Tutwiler
HUME SMITH GEDDES GREEN & SIMMONS
gquinn@humesmith.com